IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-CR-00013-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| DAVID ALEXANDER CULVER | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant David Alexander Culver's renewed expedited emergency motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 65) and appointment of counsel (Doc. No. 66). Having carefully reviewed the Defendant's motions and all other relevant portions of the record, the Court will deny the motions.

Defendant's motion for compassionate release was denied because Defendant did not present extraordinary and compelling reasons for this Court in its discretion to grant compassionate release. (Doc. No. 58). The Fourth Circuit affirmed. (Doc. No. 62). Defendant is incarcerated at FCI Fort Dix.[1] Defendant presents no new evidence that this Court has not previously considered and the Court finds no reason to change its prior ruling.

Defendant argues that his imprisonment during the COVID-19 pandemic – something not anticipated by the sentencing court – increased his prison sentence's punitive effect and constitutes extraordinary and compelling circumstances that

---

[1] According to the Bureau of Prison's (BOP) website, FCI Fort Dix currently has 3 inmates and 19 staff with confirmed active cases of COVID-19. There have been 2 inmate deaths and no staff deaths, while 1,609 inmates have recovered and 108 staff have recovered. Additionally, at FCI Fort Dix, 300 staff have been fully inoculated and 2,673 inmates have been fully inoculated.

warrant a sentence reduction. "While circumstances that 'undoubtedly increase a prison sentence's punitive effect' may constitute extraordinary and compelling circumstances in some individual cases, *United States v. Kibble*, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring), if every defendant who experiences hardship during incarceration is entitled to a finding of extraordinary and compelling circumstances, compassionate release would become the 'exception that swallows the general rule of finality'. *United States V. Hancock*, No. 1:06-CR-206-2, 2021 U.S. Dist. LEXIS 41526, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021)." *United States v. Chavis,* No. 1:18-CR-481-3, 2021 U.S. Dist. LEXIS 124143, at *8-9 (M.D.N.C. July 2, 2021). Moreover, the "hardships" that Defendant claims to have experienced in prison during the COVID-19 pandemic are not particular to Defendant. Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic. *See United States v. Murry*,_ F.Supp.3d__, 2021 WL 1899362, 2021 U.S. Dist. LEXIS 90792 at n.2 (E.D. Va. May 11, 2021); *United States v. Burks,* No.3:14-CR-208-MOC-1, 2021 U.S. Dist LEXIS 70934, 2021 WL 1394857, at *4 (W.D.N.C. Apr. 13, 2021). Thus, Defendant's incarceration during the pandemic does not constitute "extraordinary and compelling" reasons warranting early release.

Defendant moves for the appointment of counsel to assist him in moving for compassionate release. Defendant has no constitutional right to the appointment of

counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. *See United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED**, that the Defendant's motions for renewed expedited emergency motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 and appointment of counsel (Doc. Nos. 65, 66), are **DENIED.**

**SO ORDERED.**

Signed: March 7, 2022

Kenneth D. Bell
United States District Judge